# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, § § § | |
| *Plaintiff,* § § | Civil Action No. 4:22-CV-00541 |
| v. § § | Judge Mazzant |
| LISBETH BASILIO, as Next Friend of UMB, a Minor, et al., § § § § | |
| *Defendants.* § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Primerica Life Insurance Company's Motion for Default Judgment (Dkt. #15). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED**.

### BACKGROUND

This case involves competing claims to a life insurance policy. In 2016, Plaintiff Primerica Life Insurance Company ("Primerica") issued Policy No. 0490380811 (the "Policy") to Javier Martinez Ramirez, Sr. (the "Insured") (Dkt. #1 ¶ 8). The Insured initially designated his cousin, Defendant Epifania SanJuan Reyes as a beneficiary receiving 80% of the proceeds, with the Insured's son, UMB, designated as a beneficiary receiving the remaining 20% (Dkt. #1 ¶ 8). The Insured died on September 5, 2021, leaving behind $375,000 in proceeds under the Policy (Dkt. #1 ¶ 10).

On January 12, 2022, Defendant Reyes submitted a written claim to 80% of the Policy proceeds (Dkt. #1 ¶ 11). Three weeks later, Daniel Martinez, the brother of the Insured, submitted a letter claiming that the Insured did not intend to designate Defendant Reyes as a beneficiary of

the Policy, and, rather, that he intended for his children UMB, Emirely Martinez, and Javier Martinez Jr. (collectively, the "Children") to be the beneficiaries (Dkt. #1 ¶ 11). Defendant Lisbeth Basilio then confirmed that she was contesting Defendant Reyes's claim to the benefits of the Policy (Dkt. #1 ¶ 11).

In the face of these competing claims, Primerica initiated this interpleader action on June 28, 2022 (Dkt. #1). Primerica served Defendant Reyes with a summons and a copy of the complaint at her home in Lewisville, Texas on August 22, 2022 (Dkt. #6). Defendant Reyes's answer was due on September 12, 2022 (Dkt. #6). To date, Defendant Reyes has not answered or otherwise responded to Primerica's complaint (Dkt. #13). As a result, Primerica submitted a request for an entry of default against Defendant Reyes to the Clerk of the Court on February 6, 2023 (Dkt. #13).[1] The Clerk of the Court entered a default against Defendant Reyes on February 7, 2023 (Dkt. #14).

On February 10, 2023, Primerica moved for an entry of default judgment under Rule 55 of the Federal Rules of Civil Procedure, asking the Court to enter an order stating that Defendant Reyes has forfeited her claim to the proceeds of the Policy (Dkt. #15).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84

---

[1] Primerica's request for an entry of default judgment was properly supported by an affidavit from its counsel (Dkt. #13, Exhibit A).

2

F.3d at 141.  Next, an entry of default may be entered by the Clerk when the default is established by affidavit or otherwise.  FED. R. CIV. P. 55(a).  After the Clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).  Third, a plaintiff may then apply to the Clerk or the Court for a default judgment.  FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Entry of a default judgment is within the Court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  Although entries of default judgment are generally disfavored in the law, entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint.  *Lacey v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), *cert. denied*, 414 U.S. 1073 (1973).

**ANALYSIS**

The Court finds that Primerica is entitled to a default judgment against Defendant Reyes. Courts in the Fifth Circuit use a three-part analysis to determine whether default judgment is appropriate: (1) whether the entry of default is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive. *Graham v. Coconut LLC*, No. 4:16-CV-00606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citations omitted).  The Court applies this framework and finds that default judgment is appropriate.

**I.      Default Judgment is Procedurally Warranted.**

The Court must first determine whether default judgment is procedurally warranted, that is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893.  In making this determination, the Court considers six factors: (1) whether material issues of fact are

3

at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.* All six of the *Lindsey* factors weigh in favor of default judgment for Primerica.

    **a.    No Issues of Material Fact are Present.**

Defendant Reyes has not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Construction Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting the "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact").

    **b.    Default Judgment Would Not be Unduly Harsh or Result in Substantial Prejudice to Defendant Reyes.**

Defendant Reyes failed to respond to the claims asserted in this matter. Simply put, she has not appeared, filed a pleading, or communicated with Primerica's counsel, and there is no indication that she intends to do so. Taking the well-pleaded facts as true, Primerica has asserted a valid interpleader action (Dkt. #1). Primerica then properly requested entry of judgment in its favor (Dkt. #13). And Primerica's Motion for Default Judgment has been on file for more than two months with no response from Defendant Reyes. (Dkt. #15). Although Primerica did not personally serve its Motion for Default Judgment on Defendant, "[n]o service is required on a party who is in default for failing to appear" unless the pleading asserts a new claim for relief. FED. R. CIV. P. 5(a)(2). Defendant Reyes received ample notice of the suit when Primerica personally served her with a copy of the complaint and summons on August 22, 2022 (Dkt. #6; Dkt. #13, Exhibit A-3). A default judgment is not unusually harsh in this case as Defendant Reyes has had ample opportunity to respond after receiving notice of this action and has failed to do so.

*See Cunningham v. Crosby Billing Servs., Co.*, No. 4:18-cv-00043, 2018 WL 6424792, at *3 (E.D. Tex. Oct. 14, 2018). Further, Defendant's failure to respond prejudices Primerica and the other Defendants because it halts the adversarial process. *Id.* Based on this procedural history, default judgment would not be a harsh result or substantially prejudice Defendant Reyes.

        **c.    The Grounds for Default Judgment are Clearly Established.**

Primerica successfully effected service of process on Defendant Reyes on August 22, 2022 (Dkt. #6). Defendant Reyes has failed to answer or respond to the complaint. The grounds for default judgment are thus clearly established because Defendant Reyes has not participated in any part of the adversarial process—she has failed to respond to the summons, the complaint, the entry of default, or Primerica's Motion for Default Judgment. *See, e.g.*, *J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment).

        **d.    Defendant Reyes's Default is Not Due to Excusable Neglect or Good Faith Mistake and the Court is Unaware of Any Reason to Set Aside the Default.**

Again, Primerica properly served Defendant Reyes. Defendant failed to respond, let alone offer evidence that its unresponsiveness is due to a "good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Further, nothing in the record indicates that Primerica has contributed to the delay of this action or otherwise given the Court any reason to set aside default judgment. *See id.*

**II.    There is a Sufficient Basis for Default Judgment in the Pleadings.**

After establishing that default is procedurally warranted, the Court must determine if there is a sufficient basis for judgment. *Nishimatsu*, 515 F.2d at 1206. Although Defendant Reyes is

5

deemed to have admitted the allegations set forth in Primerica's complaint due to the entry of default, the Court must review the pleadings to determine whether the complaint presents a sufficient basis for relief. *Lindsey*, 161 F.3d at 893. The Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206). "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)).

Comerica's complaint contains a single claim for interpleader relief. The requirements for rule or statutory interpleader are satisfied when (1) there is a single fund at issue and (2) there are adverse claimants to that fund. *Auto Parts Mfg. Miss., Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 193 (5th Cir. 2015).[2] Primerica has adequately pleaded both requirements here. Primerica alleges that there is a single fund at issue here: the Policy proceeds (Dkt. #1 ¶¶ 10–11). Likewise, Primerica alleges that there are multiple adverse claimants to the disputed proceeds, including Defendant Reyes and the Children (Dkt. #10 ¶ 11). Thus, the Court concludes that there is a sufficient basis in the pleadings for Primerica's claim for interpleader relief. Because default judgment is procedurally warranted and there is a sufficient basis in the pleadings, Primerica is entitled to default judgment against Defendant Reyes.

---

[2] There are two types of interpleader: rule interpleader pursuant to Federal Rule of Civil Procedure 22 and statutory interpleader under 28 U.S.C. § 1335. They differ in jurisdictional requirements but not in substance. *Auto Parts Mfg.*, 782 F.3d at 193 (citing 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1705 (3d ed. 2001)).

### III. Defendant Reyes Forfeits Any Claim of Entitlement to the Disputed Funds.

Finally, the Court must determine what relief, if any, Primerica is entitled to here. In general, courts hesitate to award monetary damages resulting from a default judgment without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But this hesitancy does not exist when, as here, a plaintiff seeks only equitable relief. *Cf. Money Mgmt. Inter., Inc. v. Le et al*, No. 4:21-CV-01802, 2022 WL 1610576, at *7 (Apr. 27, 2022). "The effect of a default judgment against a defendant named in an interpleader is that the party who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Midland Nat'l Life Ins. Co. v. Santana-Ayala*, No. 5:19-CV-00591, 2020 WL 33598, at *2 (W.D. Tex. Jan. 2, 2020).

And so, the Court concludes that Defendant Reyes has forfeited her claim to the disputed proceeds.

### CONCLUSION

It is therefore **ORDERED** that Plaintiff Primerica Life Insurance Company's Motion for Default Judgment (Dkt. #15) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff Primerica Life Insurance Company is entitled to a default judgment against Defendant Epifania SanJuan Reyes.

It is further **ORDERED** that Defendant Epifania SanJuan Reyes has forfeited her claim to the proceeds of Primerica Policy No. 0490380811.

**IT IS SO ORDERED.**
**SIGNED this 5th day of May, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE